MARY DOHERTY *vs.* ISAAC McLEAN.

Suffolk.    March 7, 1898. — June 21, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Negligence — Law and Fact.*

In an action for personal injuries there was evidence tending to show that the plaintiff, a girl twelve years of age, entered the carpenter shop of the defendant to purchase a basket of wood; that she paid five cents to one of the defendant's workmen, and entered a bin having a wall three feet high partly filled with wood, by a step which she had been in the habit of using whenever she bought wood at the shop, for the purpose of filling her basket; that while in the bin one of the defendant's men placed boards across the top of the bin so as to obstruct the plaintiff's access to the step by which she had entered the bin; that she left the bin by climbing over one of the other walls, near which was a table containing a revolving knife extending about a sixteenth of an inch above its surface, which in rapid motion might look as if it were at rest, and in so doing rested her hand upon the revolving knife and was injured; and that the way she got out seemed to the plaintiff the easiest after the boards were put on the bin. *Held*, that it could not be said, as matter of law, upon undisputed facts, that the plaintiff was careless, or that the defendant was free from fault in allowing her under such circumstances to get out by a way which exposed her to injury.

TORT, for personal injuries. At the trial in the Superior Court, before *Hardy*, J., there was evidence tending to show that the plaintiff, a girl twelve years of age, with her brother who was fifteen years of age, entered the defendant's carpenter shop to purchase a basket of wood, for which she paid five cents to one of the defendant's workmen; that she and others had bought wood at the plaintiff's shop on numerous occasions prior to the accident, and that the defendant's workman had placed the money received therefor in a drawer where change was kept with which to buy small supplies for the shop; that the plaintiff and her brother entered a bin about three feet high partly filled with wood, for the purpose of filling her basket, by a step which she had been in the habit of using whenever she had bought wood at the shop; that while they were in the bin a workman of the defendant placed some boards diagonally across the top of the bin obstructing the plaintiff's access to the step by which she entered it; that about eighteen inches from one side of the

bin, parallel with it, and extending a large part of the length of the bin was a table, on which there was a revolving knife, projecting about a sixteenth of an inch above the surface thereof; that when in rapid motion the knife might look as if it were at rest; that the plaintiff left the bin by climbing over it at the corner next to this table, which seemed to her to be the best way to get out; and that in so doing she rested her hand on the knife, which she thought was a piece of iron at rest, and was injured. The defendant's evidence tended to show that he did not know that wood had been sold to the plaintiff or others by the basket; that he had given express orders to his foreman and workmen to sell no wood by the basket, and to allow no children in the shop; that the bin was easily accessible on a side other than that by which the plaintiff left it; and that it was impracticable to cover the knife because it was in such constant use.

The defendant requested that the following rulings be given:

" 1. There is no evidence on the part of the plaintiff to show that she was anything more than a licensee at the most.

" 2. There is no evidence sufficient to warrant the jury in finding that the plaintiff was in the exercise of due care when she was injured.

" 3. There is no evidence sufficient to warrant the jury in finding that the defendant or his servants were negligent.

" 4. Upon all the evidence in the case, the plaintiff is not entitled to recover."

The judge refused to give the first ruling, but gave the second, third, and fourth rulings, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

The case was argued at the bar in March, 1898, and afterwards was submitted on briefs to all the justices.

*J. F. Wheeler & R. G. McClung,* for the plaintiff.

*W. F. Wharton,* for the defendant.

ALLEN, J. The evidence would warrant a finding that the plaintiff was invited to come to the defendant's shop to buy waste wood, and, after having paid the price of a basketful, to enter the bin for the purpose of taking the wood; and that, having paid the price on the day of the accident, she was properly in the bin with her brother for the purpose of filling her basket. The evidence also tended to show that while there her usual

way of getting out was cut off by the act of one of the defendant's workmen in placing boards across the bin, and thus covering the corner where there was a step or something which served for a step, which she was in the habit of using in getting into and out of the bin; and that therefore she took another way of getting out, and in doing this received the injury by placing her hand upon a revolving knife which projected about a sixteenth of an inch above the surface of a table standing near the bin. She testified that she thought this knife to be a still piece of iron, and there was other testimony that when in rapid motion it might look as if it was at rest. Whether the course which she took to get out of the bin was inconsistent with due care on her part was a question for the jury. Being without assistance, advice, or caution, it cannot be held, as matter of law, that upon undisputed facts she was careless, or that the defendant was free from fault in allowing her under such circumstances to get out by a way which exposed her to injury.

*Exceptions sustained.*